# CASOS RESUELTOS

### EN LA

# CORTE SUPREMA DE PUERTO RICO

THE FAJARDO SUGAR COMPANY, RECURRENTE, *v.* EL REGISTRADOR DE HUMACAO, RECURRIDO.

Recurso gubernativo contra nota del Registrador de la Propiedad de Humacao denegando la inscripción de un contrato de compraventa de cañas.

No. 340.—Resuelto en diciembre 4, 1917.

REFACCIÓN AGRÍCOLA Y MOLIENDA DE CAÑAS—CONTRATOS PRIVADOS SUSCRITOS ANTE NOTARIO—ARRENDAMIENTO.—Presentado al registro para su anotación un contrato privado de molienda de cañas suscrito ante notario, acompañado de un contrato también privado suscrito ante notario, sobre arrendamiento de la finca al terrateniente, no debe denegarse su anotación por el fundamento de que el contrato de arrendamiento no es un documento público de los comprendidos en el artículo 2 de la Ley Hipotecaria, pues si se tiene en cuenta que el objeto de la ley de 1910 es el de favorecer el desarrollo del crédito territorial y facilitar la contratación sobre frutos a los terratenientes que carecieran de título inscribible, sería absurdo sostener que el derecho de un arrendatario a otorgar un contrato, inscribible cuando se ha consignado por documento privado suscrito ante notario, debe acreditarse por documento público, porque ello dejaría frustrado en gran parte el evidente propósito del legislador.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. Luis Muñoz Morales.*

El registrador recurrido, Sr. Francisco G. Descartes, no compareció.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En 25 de junio de 1917, mediante un documento privado suscrito ante notario, arrendó Felipe Díaz a José Montes cierta fracción de terreno por el término de tres años.

En 27 de junio de 1917, el citado Montes en su carácter

de arrendatario, y la Fajardo Sugar Company otorgaron un
contrato de molienda de cañas, a vencer al terminarse la
zafra del 1920, cuya anotación fué denegada por no haberse
justificado el alegado arrendamiento fuera de la constancia
que del mismo se hacía en el documento cuya anotación se
pretendía.

En 13 de agosto de 1917 volvió a presentarse el contrato
de molienda de cañas, acompañado del documento privado
supra-mencionado, y de una solicitud por escrito interesando
la conversión en anotación definitiva de la anotación pre-
ventiva de 120 días que determina la ley y que se tomó la
primera vez que se presentó el documento.

La segunda nota denegatoria del registrador reza como
sigue:

"Denegada la conversión solicitada por resultar que el título
que se acompaña para subsanar el defecto que motivó la nota de-
negatoria anterior no es un documento público de los comprendidos
en el artículo 3 de la Ley Hipotecaria, y resoluciones del Hon.
Tribunal Supremo de Puerto Rico. *Delgado* v. *El Registrador de
Caguas; Hernández* v. *Rosado; Pietri* v. *El Registrador*, 22 D. P.
R. 125, 387, y 729, y, por tanto, no está comprendido dentro de los
títulos que pueden ser calificados por los registradores de la pro-
piedad, de acuerdo con el artículo 18 de la misma Ley Hipote-
caria; *   *   *  "

El artículo 2 de la Ley Hipotecaria enumera, entre otros
títulos inscribibles en el registro de la propiedad,

"Los contratos de arrendamiento de bienes inmuebles por un
período que exceda de seis años, o los en que se hayan anticipado
las rentas de tres o más años, o cuando sin tener ninguna de estas
condiciones, hubiere convenio expreso de las partes para que se
inscriban."

El artículo 3, que cita el registrador, dispone que—

"Para que puedan ser inscritos los títulos expresados en el ar-
tículo anterior, deberán estar consignados en escritura pública
*   *   *  "

El contrato de arrendamiento de que se trata no está

comprendido dentro de los mencionados en el artículo 2, ni fué tampoco presentado para su inscripción. Los preceptos de la Ley Hipotecaria, por disposición expresa de la ley, sólo serán aplicables a cuestiones de esta naturaleza en todo cuanto no se opongan con los de la Ley de 1910, intitulada "Ley sobre contratos de refacción agrícola y molienda de cañas y para otros fines," según quedó enmendada en 1911. Esta ley reconoce de una manera especial los contratos otorgados por documento privado suscrito ante notario siempre y cuando no esté comprendida en el contrato "la constitución, modificación o extinción de un derecho real." Todos los derechos emanados de estos contratos son transmisibles por "simple endoso suscrito ante notario."

El objeto de la ley, según ya lo hemos enunciado,

"Fué el de favorecer el desarrollo del crédito territorial y facilitar la contratación sobre frutos a los terratenientes que carecieren de título inscribible."

*Porto Rican Leaf Tobacco Company* v. *El Registrador de Guayama,* 24 D. P. R. 891, 894.

El sostener que el derecho de un arrendatario a otorgar un contrato, inscribible cuando se ha consignado por documento privado suscrito ante notario, debe acreditarse por documento público, de no ser un absurdo evidente, dejaría frustrado en gran parte el evidente propósito ya indicado del legislador.

Los casos citados por el registrador no son de aplicación, y debe por tanto la nota recurrida ser revocada y practicarse la anotación solicitada.

*Revocada la nota recurrida y ordenada la anotación solicitada.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.